UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY J. PANARELLO, ) | |
| ) | |
| Petitioner, ) | CASE NO.   C06-124-JCC-JPD |
| ) | |
| v. ) | |
| ) | |
| RICHARD MORGAN, ) | REPORT & RECOMMENDATION |
| ) | |
| Respondent. ) | |
| _____) | |

## INTRODUCTION

Petitioner is a Washington state prisoner who is currently serving a 81-month sentence for attempting to elude a police vehicle and related charges. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an answer and petitioner has filed a reply. After considering the parties' submissions and the balance of the record, the court recommends that the petition be denied with prejudice.

## BACKGROUND[1]

In October, 2003, petitioner failed to stop his truck when requested to do so by police. (Dkt. #15, Ex. 3 at 3). He drove away and during the ensuing chase, petitioner's truck hit four different police vehicles and injured one officer. (*Id.*) Most of the chase was captured on videotape by the police. (*Id.* at 4). Petitioner was arrested and charged with attempting to elude

---

[1] These facts are drawn from the State's response to petitioner's personal restraint petition filed in the state court. (Dkt. #15, Ex. 3). Petitioner has not challenged their accuracy.

REPORT & RECOMMENDATION
PAGE 1

a police vehicle, assault in the second degree, malicious mischief, and related charges. (*Id.*, Ex. B).

The trial court appointed Thomas Pacher to represent petitioner and ordered that petitioner be evaluated for competency, insanity, or diminished capacity. (Dkt. #15, Ex. 3 at 4; Ex. D). Subsequently, Mr. Pacher moved to withdraw as counsel due to an irreconcilable conflict. (*Id.*, Ex. H). At the hearing on the motion to withdraw, Mr. Pacher stated: "I have attempted to work this out with [petitioner] and quite frankly, it seems like the harder I work for him, the harder he works against me. It's frustrating for me to have to make this motion. I've worked on this case day after day after day after day, worked on it weekends and holidays. . . . I don't know if [petitioner] wishes to represent himself. I, quite frankly, think that would be the only opinion he would listen to. I think pro se is a terrible way to go to trial, but I think honestly he just wants an attorney who's going to say what he wants to hear and that's not going to help him." (*Id.* at 165-66).

The court granted the motion to withdraw and appointed Deborah Truitt as substitute counsel. (*Id.*) The court also found that petitioner was competent to stand trial. (*Id.*, Ex. I). Ms. Truitt filed several pretrial motions, including a motion to set a new omnibus hearing, a motion to suppress evidence, a motion to dismiss several firearm enhancements, and a motion to dismiss pursuant to *State v. Knapstad*, 107 Wash. 2d 346 (1986). (*Id.*, Exs. K, N). The court granted the motion for a new omnibus hearing, but before the court ruled on the other motions, petitioner entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). (*Id.*, Ex. E).

Petitioner did not file a direct appeal. In 2005, he filed a personal restraint petition ("PRP") in the Washington Court of Appeals. (Dkt. #15, Ex. 4). The court dismissed petitioner's PRP. (Dkt. #15, Ex. 13). Petitioner filed a motion for discretionary review in the Washington Supreme Court. (Dkt. #15, Ex. 14). The Washington Supreme Court denied the motion. (Dkt. #15, Ex. 16).

REPORT & RECOMMENDATION
PAGE 2

On January 24, 2006, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. #1). After receiving two extensions of time, respondent filed an answer, along with the state court record, on June 16, 2006. (Dkt. #14). Petitioner filed a reply to the answer on July 20, 2006 (Dkt. #18), and the matter is now ready for review.[2]

## GROUNDS FOR RELIEF

Petitioner sets forth the following grounds for relief in his habeas petition:

1. Ineffective Assistance of Counsel. (See Memorandum of Law in Support).[3]

   [A.] Counsel failed to inform Petitioner at early stage that she had no trial experience.

   [B.] Counsel took advice from previous counsel who had been fired by Petitioner.

   [C.] Counsel failed to be present at a critical stage of the prosecution.

   [D.] Counsel did not appear at psychological evaluation.

   [E.] Abandoned defense of Fight or Flight.

2. Pleas taken pursuant to Alford were made equivocally. Pleas were taken without proper constitutionally proscribed[sic] safeguards.

(Dkt. #1 at 6-7).

The court will address each ground for relief in turn.

## DISCUSSION

Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may

---

[2] In addition to the reply, petitioner filed a 66-page "Memorandum in Support of Petition for Writ of Habeas Corpus," on July 19, 2006. (Dkt. #19). The memorandum appears to raise new claims as well as present argument in support of existing claims. Because the new claims were not raised in the original petition, and petitioner has not moved to amend the original petition, the court will not address them. To the extent that the memorandum presents argument in support of existing claims, the court will deem the memorandum to be part of petitioner's reply and consider those arguments.

[3] Although the petition refers to a "Memorandum of Law," no memorandum was filed until after respondent filed his answer. *See* Footnote #2 above.

REPORT & RECOMMENDATION
PAGE 3

be granted with respect to any claim adjudicated on the merits in state court only if the state court's adjudication is *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* In addition, a habeas corpus petition may be granted if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)

In *Lockyer v. Andrade,* 538 U.S. 63 (2003), the Supreme Court examined the meaning of the phrase "unreasonable application of law" and corrected an earlier interpretation by the Ninth Circuit which had equated the term with the phrase "clear error." The Court explained:

> These two standards, however, are not the same. The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness. It is not enough that a federal habeas court, in its "independent review of the legal question" is left with a "firm conviction" that the state court was "erroneous." . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly**.** Rather, that application must be objectively unreasonable.

538 U.S. at 68-69 (emphasis added; citations omitted). Thus, the Supreme Court has directed lower federal courts reviewing habeas petitions to be extremely deferential to decisions by state courts. A state court's decision may be overturned only if the application is "objectively unreasonable." 538 U.S. at 69.

<u>Petitioner's First Ground for Relief: Ineffective Assistance of Counsel</u>

REPORT & RECOMMENDATION
PAGE 4

In his first ground for relief, petitioner raises five individual claims that his trial counsel was ineffective. After stating the appropriate standard for review, the court will address each of petitioner's claims in turn.

Claims of ineffectiveness of counsel are reviewed according to the standard announced in *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). In order to prevail, petitioner must establish two elements: First, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Regarding the first prong of the *Strickland* test, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Thus, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* The test is not whether another lawyer, with the benefit of hindsight, would have acted differently, but whether "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 689.

In addition, the Supreme Court has stated that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. "The object of an ineffective assistance claim is not to grade counsel's performance. If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

A. Counsel allegedly failed to inform Petitioner that she had no trial experience.

Petitioner's first claim that counsel was ineffective is based solely on her alleged lack of

REPORT & RECOMMENDATION
PAGE 5

experience. However, counsel's lack of experience alone does not indicate incompetence. *See United States v. Mouzin*, 785 F.2d 682, 697-98 (9th Cir. 1986), *cert. denied,* 479 U.S. 985 (1986). Rather, petitioner must point to a specific instance where counsel's lack of experience resulted in ineffective representation. Because petitioner does not do so, the state court decision rejecting this claim is not objectively unreasonable, and petitioner's first claim that counsel was ineffective should be denied.

### B. Counsel took advice from previous counsel who had been fired by Petitioner.

Petitioner next claims that Ms. Truitt was ineffective because she took advice from his former counsel Mr. Pacher. Petitioner contends that he had a conflict with Mr. Pacher, which led to Mr. Pacher withdrawing as counsel and Ms. Truitt substituting as counsel. Because Ms. Truitt subsequently consulted with Mr. Pacher, petitioner argues that the "conflict between fired counsel and Petitioner once again tainted this case, after his termination." (Dkt. #18 at 1).

Petitioner fails to show any prejudice under *Strickland* resulting from the consultation between Mr. Pacher and Ms. Truitt. Petitioner asserts – without pointing to particular instances in the record – that Ms. Truitt followed Mr. Pacher's suggestions and did not make any independent decisions. (*Id*. at 2). The only clear instance in the record of collaboration between the two lawyers was when Ms. Truitt was arguing in support of her motion for a Bill of Particulars, and she stated that "[b]efore I filled out the omnibus order, I had discussed the situation with Mr. Pacher, who has mentored me some bit about doing felony cases, and he told me that it was a good idea to ask for a Bill of Particulars and that probably the State would object to that." (Dkt. #15, Ex. 3 at Ex. N at 5).

However, petitioner does not show that he was in any way prejudiced by Ms. Truitt's consultation with Mr. Pacher regarding the Bill of Particulars. To the contrary, it appears that petitioner benefitted from Ms. Truitt's filing of the motion for a Bill of Particulars, as the motion required the State to clarify the basis for the charges. (Dkt. #15, Ex. 3 at Ex. N at 9-19).

REPORT & RECOMMENDATION
PAGE 6

Accordingly, the state court decision rejecting this claim is not objectively unreasonable, and petitioner's second claim that counsel was ineffective should be denied.

### C.  Counsel failed to be present at a critical stage of the prosecution.

Petitioner next claims that Mr. Pacher was ineffective because he was not present during the psychological evaluation that petitioner underwent to determine his competency to stand trial.  Petitioner relies upon a Washington statute which states that during such an examination, "the defendant *shall be entitled* to have his or her attorney present."  RCW 10.77.020(3) (emphasis added).  Petitioner also asserts that this examination was a "critical stage" of the proceedings where counsel must be present in order to satisfy the Sixth Amendment right to counsel.

However, petitioner misinterprets the Washington statute as *requiring* counsel to be present when it merely affords a defendant the *right* to have counsel present.  In addition, petitioner does not show how violation of the Washington statute could provide the basis for federal habeas relief.  *See* 28 U.S.C. § 2254(a) (a habeas petitioner must show "that he is in custody in violation of the Constitution or laws or treaties of the United States.").  Finally, petitioner does not present any authority to support his contention that counsel was required under the Sixth Amendment to be present at the psychological examination.  Indeed, the case petitioner cites in his reply brief appears to stand for the opposite proposition.  *See United States v. Byers*, 740 F.2d 1104, 1118-19 ( D.C. Cir. 1984) (holding that Sixth Amendment right to counsel does *not* apply to defendant's interview with psychiatrist).

Petitioner therefore fails to show that Mr. Pacher's failure to attend his examination by the court-appointed psychologist constituted deficient performance under *Strickland*, nor does petitioner show that he suffered any prejudice as a result.  Accordingly, the state court decision rejecting this claim is not objectively unreasonable, and petitioner's third claim that counsel was ineffective should be denied.

REPORT & RECOMMENDATION
PAGE 7

    D.  Counsel did not appear at psychological evaluation.

Petitioner's fourth claim is duplicative of his third and may be summarily denied.

/

    E.  Counsel was ineffective because she "abandoned defense of Fight or Flight."

Petitioner's last claim is that Ms. Truitt was ineffective because she allegedly abandoned a defense petitioner refers to as "fight or flight."  Petitioner apparently believes that he had a viable defense that his failure to stop when requested to do so by the police and the ensuing chase were the inevitable result of the police using excessive force, which triggered in him the "flight or fight" response.  (Dkt. #18 at 5-6).

Petitioner's argument fails for several reasons.  First, under *Strickland*, a court reviewing a claim of ineffective assistance of counsel must be highly deferential to counsel's decisions regarding trial strategy.  *See* 466 U.S. at 689.  Ms. Truitt's strategic decisions are therefore largely shielded from second-guessing, and to the extent that they can be second-guessed, petitioner has not shown that her decision to abandon a "fight or flight" defense fell outside "the wide range of reasonable professional assistance." *Id.*  In addition, petitioner fails to show any prejudice that resulted not pursuing such a defense.  He presents no evidence that the police used excessive force in stopping him nor that he was predisposed to react in the way that he did.

Accordingly, the state court decision rejecting this claim is not objectively unreasonable, and petitioner's fifth claim that counsel was ineffective should be denied.

    Petitioner's Second Ground for Relief: His guilty plea was equivocal and taken without proper constitutional safeguards.

In his second ground for relief, petitioner contends that his guilty plea was equivocal and did not comport with proper constitutional safeguards. Petitioner asserts that his plea was made "without having been informed of the law pertaining to the charges and the manner in which the charges could be challenged." (Dkt. #19 at 52).  Therefore, petitioner argues that his guilty plea was not made with full knowledge and was not voluntary. (*Id.*)

REPORT & RECOMMENDATION
PAGE 8

Petitioner's claim is belied by the record of the plea hearing before the state court. The transcript of that hearing demonstrates that petitioner was asked repeatedly whether he understood the charges against him, whether he understood his constitutional rights, whether he had discussed the plea with his attorney, and whether it was his "free and voluntary choice" to plead guilty. (Dkt. #15, Ex. 3 at Ex. F at 10-23). Petitioner responded in the affirmative to these questions. The contemporaneous record of the plea hearing carries a strong presumption of verity in assessing the voluntariness of the plea. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). A petitioner's conclusory allegations regarding his plea are subject to summary dismissal. *Id.*

Accordingly, because petitioner's contentions are unsupported by the record of the plea hearing, the state court decision rejecting this claim is not objectively unreasonable, and petitioner's final ground for relief should be denied.

## CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be denied with prejudice. A proposed Order reflecting this recommendation is attached.

DATED this 29th day of September, 2006.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge